```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE EASTERN DISTRICT OF CALIFORNIA


JESSE VIZCAINO, JR.                    No. CIV.S-05-2645 GEB DAD PS

          Plaintiff,

     v.                                ORDER AND

UNITED STATES DISTRICT COURT,          ORDER TO SHOW CAUSE
DISTRICT OF CALIFORNIA

          Defendant.
_____/
```

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        However, plaintiff's complaint consists of an unintelligible hodge-podge of more than 200 pages of documents. No

basis for federal jurisdiction is alleged.  Indeed, it appears that the court lacks subject matter jurisdiction over this matter.  See Bell v. Hood, 327 U.S. 678, 682 (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and "so patently without merit"); Hagans v. Levine, 415 U.S. 528, 543 (stating that a claim may be dismissed for lack of jurisdiction where it is "so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court").  See also Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction and may be dismissed sua sponte before service of process.")(citations omitted).[1]

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted;

2.  Plaintiff shall show cause in writing within twenty days of the date this order is filed why this matter should not be dismissed for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3); and

---

[1] Additionally, the only named defendant, "United States District Court, District of California," would appear to be entitled to absolute judicial immunity with respect to plaintiff's claim against it.  See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967); Meek v. County of Riverside, 183 F.3d 962, 965-68 (9th Cir. 1999); Partington v. Gedan, 961 F.2d 852, 866-67 (9th Cir. 1992).

2

3. Plaintiff is forewarned that the failure to timely comply with the terms of this order will result in a recommendation that this action be dismissed.

DATED: April 28, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddadl\orders.prose\vizcaino2645.ifp.osc

3